**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

CHARLES HAIRSTON,

          Plaintiff,

        -v-                           9:25-CV-707 (AJB/CBF)

B. NEWTOWN _et al._,

          Defendants.

_____

APPEARANCES:                             OF COUNSEL:

CHARLES HAIRSTON
Plaintiff, Pro Se
22-R-0567
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. LETITIA JAMES                       SUSANNA M. KLOSE, ESQ.
New York State Attorney General        Assistant Attorney General
Attorneys for Defendants
The Capitol
Albany, NY 12224

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On June 5, 2025, _pro se_ plaintiff Charles Hairston ("plaintiff"), an individual in the custody

of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed

this 42 U.S.C. § 1983 action alleging that defendants violated his civil rights while he was being

housed at Upstate Correctional Facility in April of 2025.  Dkt. No. 1.  Along with his complaint,

plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application").  Dkt. Nos. 2, 3, 5.

- 1 -

On July 18, 2025, this Court granted plaintiff's IFP Application, dismissed several claims, and concluded that plaintiff's § 1983 claims for excessive force and retaliation required a response from defendants Newtown, Boyer, and Kenney. Dkt. No. 8. Thereafter, defendants moved for pre-answer summary judgment because, according to them, plaintiff had failed to exhaust his administrative remedies. Dkt. No. 18. Plaintiff received an extension of time to respond but ultimately did not oppose defendants' motion. *See* Dkt. No. 20.

On March 11, 2026, U.S. Magistrate Judge Carla B. Freedman advised by Report & Recommendation ("R&R") that defendants' motion be denied. Dkt. No. 22. There, Judge Freedman explained that plaintiff alleged that defendants had threatened his life *because* of his use of the prison grievance system, and that other allegations in the complaint tended to suggest that defendants had engaged in certain conduct because of plaintiff's *past use* of the grievance system. *Id*. In Judge Freedman's view, these allegations raised material questions of fact concerning the availability of the prison grievance procedure at Upstate Correctional Facility, *i.e.*, "whether Plaintiff was thwarted from utilizing the grievance process through machination and/or intimidation." *Id*.

Neither party has lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 22. Upon review for clear error, Judge Freedman's R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 22) is ACCEPTED;

2. Defendant's motion for summary judgment (Dkt. No. 18) is DENIED; and

3. Defendants shall answer the complaint within fourteen days of the date of this decision.

- 3 -

The Clerk of the Court is directed to terminate the pending motions and set an answer deadline accordingly.

**IT IS SO ORDERED.**

Dated:  April 13, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge